IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 24-63-RGA |
| | ) | |
| JUSTIN DYNLACHT, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA

Defendant filed a motion to withdraw guilty plea. (D.I. 55). I set an evidentiary hearing. (D.I. 56). The Government responded and included Defendant's medical records while incarcerated. (D.I. 57; D.I. 68; D.I. 69). I later released appointed counsel (at Defendant's request). (D.I. 64). I appointed new counsel and stated that I would set a new date for an evidentiary hearing. (*Id.*). New counsel filed a motion requesting that I rule on the papers without an evidentiary hearing because Defendant would offer no evidence at an evidentiary hearing. (D.I. 70). The motion represented that the Government had no objection to ruling based on the filings.

I consider the motion to withdraw guilty plea pursuant to well-established law. *See United States v. Trott*, 779 F.2d 912 (3d Cir. 1985). "[A] defendant must have a 'fair and just reason' for withdrawing a plea. In evaluating such a motion, we have looked primarily to three factors: (1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by withdrawal; and (3) the strength of the defendant's reasons for moving to withdraw." *Id.* at 915.

Defendant's motion does not assert his innocence. (D.I. 55).

1

Defendant's motion does not allege a good reason for withdrawal of the guilty plea. He says, "[Defendant] entered his guilty plea under coercion due to horrible conditions in the Federal Detention Center." (*Id.* at 2). He continues that "coercive influences ... overwhelmed his capacity to make a knowing, intelligent, and voluntary waiver of his rights." (*Id.*). The allegation is conclusory; I do not think that Defendant states a sufficient reason. I note, first, that Defendant does not cite to anything that occurred at the Rule 11 hearing at all, and he therefore does not call into question the procedural sufficiency of that proceeding. I have reviewed the transcript of the Rule 11 hearing, and there is nothing in it that gives any hint of "coercion," nor is there any reference to the supposed "horrible conditions." (*See* D.I. 53). Second, Defendant does not specify anything about the "horrible conditions" of his pretrial detention. Third, without evidence such as would be provided at an evidentiary hearing, there is no factual support for Defendant's allegations.

The record, such as it is, tends to disprove the allegations that his guilty plea was not knowing and voluntary.

Defendant's counsel notified the Court on March 3, 2025, that a Rule 11 hearing needed to be scheduled. (D.I. 46). The Rule 11 hearing took place more than two weeks later, on March 19, 2025. Thus, Defendant had plenty of time before the guilty plea to reconsider his intent to take a plea. He admitted at the Rule 11 hearing that he had had enough time to fully discuss the charges and the case in general with his attorney. (D.I. 53 at 6).

I reviewed Defendant's medical records. He was regularly talking to a mental health professionals during his incarceration. I specifically focused on the reports dated February 11, 2025, March 18, 2025, and April 29, 2025, since those are the three discussions closest in time to

his decision to plead guilty and to the Rule 11 proceeding. (D.I. 68, pages JDYNLACHT-00008612/8614/8616).

On February 11, Defendant was "currently doing OK other than not physically feeling well. . . . His observed affect was calm and stable. [Defendant's] concentration, attention, and memory appeared intact. . . . He is currently functioning well on a daily basis." (D.I. 68, page JDYNLACHT-00008616).

On March 18, the day before the guilty plea, Defendant's "thought processes were goal-directed, logical, and linear." (*Id.*, page JDYNLACHT-00008614).

On April 29, Defendant "indicated he is 'alright,' but he expressed some frustration with recent lockdowns on his housing unit. He discussed his legal case, and he considered his various options regarding his plea. . . . He considered ways he could help others upon his release from incarceration." (*Id.*, page JDYNLACHT-00008612).

Thus, the medical records do not support his claim about "coercive conditions." Indeed, they seem to indicate rational thinking and appropriate behavior immediately before and immediately after his guilty plea.

I do not need to consider whether there is any prejudice to the Government. *See United States v. Jones*, 336 F.3d 245, 254 (3d Cir. 2003).

The motion to rule on the motion to withdraw guilty plea on the papers (D.I. 70) is GRANTED. The motion to withdraw guilty plea (D.I. 55) is DENIED.

The Clerk is directed to schedule a sentencing date at least 60 days from today's date.

IT IS SO ORDERED this 20th day of August 2025.

_____
United States District Judge
8/20/25

3