IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 24-63-RGA |
| | ) | |
| JUSTIN DYNLACHT, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

Sentencing in the above case is scheduled for October 29, 2025.  (D.I. 76).

Defendant by letter dated October 6, 2025, and postmarked October 7, 2025, has written to the Court seeking "to fire my current court appointed attorney."[1]  I have already relieved two attorneys from representing Defendant.  (D.I. 38 (granting request for new counsel on November 6, 2024); D.I. 64 (granting request for new counsel on August 11, 2025)).  I believe I made it clear to Defendant at the last hearing that I was not going to grant him any more requests for new counsel.  I think Defendant recognizes this as the instant letter is captioned "Re: Pro se legal representation: motion for."

I note that the instant letter references at least two in-person interactions between current counsel and Defendant, on September 3, 2025, and October 6, 2025.  There is also a reference to an interaction on September 24, 2025, although it is unclear whether that was in person.

---

[1] When a defendant is represented by counsel, the defendant cannot file his own motions.  When I have a defendant who writes directly to the Court, the usual practice is to forward the letter to defendant's counsel.  Among other things, that practice protects defendants from unknowingly incriminating themselves.  Nevertheless, at some point, when a defendant writes a letter the primary purpose of which appears to be to seek to fire counsel and to proceed pro se, filing a defendant's letter is necessary to provide a basis for later appellate review.  I believe that point has been reached in this case.  I direct that the Clerk file the referenced letter.

I am converting the scheduled sentencing on October 29 to a hearing on whether Defendant will be allowed to proceed pro se, which will include the mandated colloquy with Defendant.  I would appreciate it if current counsel (who was appointed on August 12, 2025) would be prepared to provide the dates of any meetings or interactions with Defendant during the course of counsel's representation, and whether, if I grant Defendant's request, counsel would agree to act as stand-by counsel for any further proceedings.

IT IS SO ORDERED this 10th day of October 2025.

/s/ Richard G. Andrews
United States District Judge