IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 24-63-RGA |
| | ) | |
| JUSTIN DYNLACHT, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Defendant filed a motion to compel discovery, including obtaining his former counsel's

file. (D.I. 85). The Government responded. (D.I. 87). Defendant replied. (D.I. 93). For the

following reasons, Defendant's motion to compel discovery from the Government (D.I. 85) is

DENIED except as to the inventory receipt; the motion for standby counsel to give Defendant a

copy of his file (D.I. 85) is DENIED, as set forth below.

At this point, Defendant has pled guilty to one count of cyberstalking, and the only thing

that needs to happen before sentencing can occur is the completion of the presentence report.

Defendant is now pro se, with the last of his three court-appointed attorneys acting as stand-by

counsel.

Although Defendant now represents himself, he does so for the purpose of sentencing. At

this stage, I will afford him an opportunity to review discovery to prepare for his sentencing

hearing. Defendant has mentioned an inventory receipt several times. (D.I. 82, ¶ 11 (at 6 of 7

pages); D.I. 83, ¶ 26; D.I. 84 at 2-3; D.I. 85 at 1-2). I understand that Defendant possesses this

item, but the quality makes it hard to read if not illegible. The Government is ORDERED to

promptly provide its most legible version of the inventory receipt to Defendant.

I will not enter an order compelling the Government to produce an "ESI protocol." (D.I. 85 at 2).

The Court has already entered an order compelling the Government to comply with its *Brady* and *Giglio* obligations (D.I. 5), and there is nothing to suggest that the Government has not so complied.

Defendant has been represented by three different attorneys. None of them has raised any issue about the fulsomeness of the Government's compliance with Rule 16. Although Defendant cites "Government discovery gaps" (D.I. 85 at 1), the supporting description of those gaps as "hash manifests, search term/extraction logs, chain of custody records, and complete warrant papers (applications/affidavits/returns)" is not helpful. For example, as to "warrant papers," the only thing Defendant states is missing is the more legible search warrant return. For "chain of custody records," Defendant gives no hint as to what he thinks is missing and how that relates to what Rule 16 requires to be provided. *See* Fed. R. Crim. Pro. 16(a)(1)(E) (describing what documents have to be produced upon request).

Defendant requests that his most recent former attorney, now stand-by counsel, be ordered to turn over his entire file to Defendant. (D.I. 85 at 2). The Government opposes this request, mostly on the basis that the underlying course of conduct indicates Defendant is a "prolific cyberstalker." (D.I. 87 at 12). It appears that stand-by counsel must have at least 8,000 pages of discovery. (*Id.* at 13). The Government asserts that the discovery is "rife with victim [and] witness" "identifiers and contact information." (*Id.* at 12-13). I think one of the purposes that stand-by counsel can serve is to retain possession of the discovery when there is a good reason why Defendant cannot be allowed to possess it. I do not think Defendant needs to have

2

the discovery in his possession in order to represent himself effectively. Thus, I deny the request to order stand-by counsel to turn over his file.

I think another of the purposes stand-by counsel can serve is to assist Defendant in reviewing the discovery. I think there might be two options for review. One would be for stand-by counsel to take the discovery to the FDC and to accompany Defendant while Defendant reviews it. I think the other, and likely the more preferable option for all concerned, would be for the Government to coordinate with stand-by counsel and the United States Marshal's Service to arrange a date or dates when stand-by counsel can meet Defendant at the courthouse and accompany Defendant while he reviews the discovery.[1] Under either option, when Defendant does the review, he may take and keep the notes he makes, but he cannot make any notes about any personal identifiers and contact information of any victims or witnesses or other individuals identified in the discovery.[2] The Government and stand-by counsel should consult and advise by letter which option has been adopted and the dates that have been chosen. Stand-by counsel should inform Defendant of the plan.

To the extent Defendant has raised any other issues in his motion, they are denied.

I will set a sentencing date once Defendant has completed his discovery review and the presentence report has been finalized.

IT IS SO ORDERED this 29th day of May, 2026.

United States District Judge

---

[1] The Government states two eight-hour days would be enough. Maybe, maybe not. I think we should start the process and see how it goes.

[2] I do not agree with the Government that FBI agents (or any other law enforcement officers) should be charged with supervising Defendant's review of the discovery. Stand-by counsel, on the other hand, is on Defendant's side, and I think he should be in a position to ensure that Defendant is complying with this Order in connection with whatever notes he takes. I note, however, that I have not had any input from stand-by counsel on this assumption.