IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 24-63-RGA |
| | ) | |
| JUSTIN DYNLACHT, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

Sentencing is scheduled for September 28, 2026. Defendant has filed a motion for me to recuse myself. (D.I. 111).

Defendant makes this motion pursuant to 28 U.S.C. §§ 455(a) & (b)(1). The statute, in relevant part, reads as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . .

The Supreme Court, in affirming a decision that recusal was not required, stated as follows:

> ["Inadequate" grounds for recusal include] judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses[, when they] occur[] in the course of judicial proceedings, and neither (1) rel[y] upon knowledge acquired outside such proceedings nor (2) display[] deepseated and unequivocal antagonism that would render fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 556 (1994).

Defendant acknowledges that adverse judicial rulings do not provide a basis for recusal under the statute. Defendant appears to argue that there are so many adverse rulings, or failure to make favorable rulings, that "the cumulative circumstances are more significant that any single

ruling." (D.I. 111 at 2). But arguing that there are a lot of errors is no different than arguing that there were two or three errors.[1] Defendant might be understood to be arguing that he has a history of raising issues that, taken together, "were not adequately addressed," meaning they were not given "neutral consideration." (*Id.*). No matter how Defendant describes his theory, it is at base a claim that I have made mistakes in the handling of his case. Nothing more. Defendant's remedy for a claim of mistakes or errors is to raise them on appeal. It is not to say that they are the basis for recusal. I am confident that any objectively reasonable person reviewing the history of this case would conclude that I have done nothing, singly or collectively, that would give the appearance of impartiality.

I do not have any personal knowledge of "disputed evidentiary facts," and I do not have a "personal bias or prejudice concerning" Defendant. I note in this regard that Defendant concedes he does not "claim that Judge Andrews is personally hostile toward Defendant." (*Id.*).

There is no basis for the motion for recusal. It is DENIED.

IT IS SO ORDERED this 24th day of September 2026.

Richard G. Andrews

United States District Court

[1] Defendant does not actually point to anything in particular that is supposed to have been error.